UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODIE LEE KLAASSEN,

               Plaintiff,                                Case No. 09-12982

vs.

                                               HONORABLE AVERN COHN

DAVID SCOTT HEAP,
MARK W. SOMERS,

               Defendants.
_____/

**MEMORANDUM AND ORDER
GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS
AND DISMISSING COMPLAINT**

I.

Plaintiff Jodie Lee Klassen,[1] proceeding pro se, has filed a complaint naming David Scott Heap and Mark W. Somers as defendants. Plaintiff also seeks to proceed in forma pauperis. Based upon the information in the Application to Proceed In Forma Pauperis, the Court, under 28 U.S.C. § 1915, GRANTS plaintiff in forma pauperis (IFP) status. For the reasons that follow, however, the complaint will be dismissed for failure to state a claim and for lack of subject matter jurisdiction.

II. Legal Standard

Under 28 U.S.C. § 1915 (e)(2)(B) a Court may dismiss a complaint at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim

---

[1]A review of the Court's electronic filing system shows that plaintiff filed two prior actions in this district, one of which was before the undersigned. Both cases were summarily dismissed as frivolous. See Klassen v. State of Michigan, 09-12982, Klassen v. State of Michigan, 09-11572.

upon which relief may be granted, or seeks relief against a defendant who is immune

from such relief.  A complaint "is frivolous where it lacks an arguable basis either in law

or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Factual frivolousness

includes allegations that are "clearly baseless," "fantastic", or "delusional."  Id. at 327-

28.

Moreover, a federal court is always "under an independent obligation to examine

their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and a

federal court may not entertain an action over which it has no jurisdiction.  See

Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694,

701 (1982).  Indeed, a court is required to dismiss an action at any time if it lacks

subject-matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3); See Wagenknecht v. United

States, 533 F.3d 412, 416 (6th Cir.2008) ("a district court may sua sponte dismiss an

action when it lacks subject matter jurisdiction.").  A district court may also dismiss a

complaint for lack of subject matter jurisdiction under Rule 12(b)(1) when the allegations

therein "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or

no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) (citing

Hagans v. Lavine, 415 U.S. 528, 536-37, 94 S. Ct. 1372 (1974).

Finally, the Court must read pro se complaints indulgently, see Haines v. Kerner,

404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are

clearly irrational or wholly incredible.  Denton v. Hernandez, 504 U.S. 25, 33 (1992).

### III.  Discussion

The Court has read the complaint.  It is virtually unintelligible.  Plaintiff says that

"this is a divorce case" and that defendants have "blatantly disregarded court orders,

2

judges, attorneys" etc. to the detriment of her minor children, causing her pain and financial hardship.  As a form of relief, she asks the Court to "expunge" any criminal charges from her record "which arose from defendants' violation of "her civil and constitutional rights."  She also asks for the Court to assume jurisdiction over "Michigan Court actions," award her lost wages, bring criminal charges against defendants, and enter a "desist order from future harm."  Based the complaint and attached documents, the Court is unable to discern a viable claim or the basis for jurisdiction.  The cover sheet of the complaint indicates that it is brought under the Court's federal jurisdiction and for "personal injury."

Regarding jurisdiction, to the extent plaintiff seeks relief against defendants for violating her civil or constitutional rights, such a claim would be brought under 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish:  1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009) (citing Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009)).  Individuals will be "considered state actors for the purposes of § 1983 only if their conduct that allegedly gave rise to the deprivation of the [plaintiff's] constitutional rights may be 'fairly attributable to the State.'" Marie v. Am. Red Cross, 771 F.3d 344, 362 (6th Cir. 2014) (quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)).

Plaintiff has not alleged any facts from which the Court could conclude either defendant is a state actor subject to liability under § 1983.  Rather, the allegations comprise purely private conduct.  Because plaintiff cannot establish an essential

3

element of a § 1983 claim—state action—the complaint is subject to dismissal to the extent is attempts to raise a federal claim for violation of civil or constitutional rights.

Moreover, to the extent plaintiff seeks relief or redress based on events that occurred in state court, any such claims are barred by the Rooker-Feldman doctrine. Under this doctrine, lower federal courts lack jurisdiction to review a case litigated and decided in state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 & n.16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). This is true even in the face of allegations that "the state court's action was unconstitutional." Feldman, 460 U.S. at 486.

Finally, to the extent plaintiff is suing defendants for personal injury, such a claim is based on state law over which there are no allegations indicating that the Court would have jurisdiction.

## IV.  Conclusion

For the reasons stated above, the complaint is DISMISSED under 28 U.S.C. § 1915(e)(2) because it fails to state a plausible claim for relief. The Court also certifies that any appeal from this decision could not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: November 25, 2015
       Detroit, Michigan

4